[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SUPPRESS, DATED OCTOBER 16, 2001
The defendant is charged with Possession of Marijuana, C.G.S. 21a-279
(c), Possession of Narcotics, 21a-279 (a), and Possession with Intent to Sell, 21a-277 (b). The defendant filed a motion to suppress evidence seized from his person and from the automobile he was operating. The court heard testimony on May 1 and May 2, 2002, from the defendant and Brunilda Morales.
I. STANDING
The state argues that the motion should be denied as to any drugs found in the car because the defendant has failed to sustain his burden of demonstrating standing.
A. FACTS
The car was operated by the defendant, was leased to his girlfriend, CT Page 8071 and his passenger was his girlfriend's sister.
B. DISCUSSION
The State argues basically that the defendant did not prove standing because he showed neither ownership nor a possessory interest in the car.
The cases cited by the state; State v. Morrill, 197 Conn. 507 (1985), and State v. Altrui, 188 Conn. 161 (1982), are essentially different from this case because the targets of those searches were not operating the cars in question, whereas here the defendant was. Although there was no testimony of express permission for him to operate the car, the fact that the lessee was his girlfriend, is sufficient, along with his operation and control, to establish the possessory interest necessary for standing.
II. ISSUE OF PROBABLE CAUSE TO STOP THE VEHICLE
The defendant argues that Trooper Maldonado's stop was pretextual and not supported by probable cause.
Although there were some inconsistencies in Trooper Maldonado's testimony, the court finds the following facts, based on all the testimony in the case and the court's evaluation of the credibility of Trooper Maldonado and Brunilda Morales.
A. FACTS
1. Trooper Maldonado slowed the defendant's vehicle down because it was traveling unreasonably fast
2. As the defendant slowed to a stop, Trooper Dillon called out that the passenger was not wearing a seat belt.
3. Upon hearing this, Trooper Maldonado noticed himself that the passenger did not have her seat belt on.
4. The reason the troopers were at this location was for equipment and seat belt enforcement.
5. The ultimate stop was for the seat belt violation.
6. As Trooper Maldonado approached the driver's side, he detected a strong odor of marijuana coming from the driver's rolled down window. The defendant was the driver of the car. Trooper Maldonado was trained to CT Page 8072 recognize the odor of marijuana.
7. After checking by radio the defendant's license and registration, Trooper Maldonado was informed by radio that the defendant had a substantial drug history.
8. After reapproaching the driver's door, Trooper Maldonado had the defendant get out of the car, after which the defendant answered "yes" to the trooper's question of whether he had any illegal narcotics on him or illegal contraband in the vehicle or on his person. The defendant then pulled three dime bags of a marijuana-like substance out of his pocket.
9. At that point, Trooper Maldonado placed the defendant under arrest, handcuffed him and verbally advised him of his Miranda rights.
10. After placing the defendant in his police cruiser, Trooper Maldonado started to search the car and found under the driver's seat a clear plastic bag containing numerous marijuana dime bags and a white powdery rock-like substance.
11. After making this discovery and asking the defendant whom they belonged to, the defendant said that they're mine and not the passenger's, so please don't arrest her.
B. DISCUSSION
1. THE "STOP"
 Whether the police were justified in stopping the defendant's car for a motor infraction is a clear issue of fact. State v. Leonard, 14 Conn. App. 1234, 137 (1988).
Inasmuch as the car was `stopped' because the front seat passenger was not wearing a seat belt, a violation of C.G.S. 14-100 (a), probable cause existed to stop the vehicle.
III. ISSUE OF PROBABLE CAUSE TO SEARCH THE VEHICLE
"Subject to a few well defined exceptions, a warrant less search and seizure is per se unreasonable . . . The state bears the burden of proving that an exception to the warrant requirement applies when a warrant less search has been conducted . . . Under both the federal and the state constitutions, the police must first obtain a warrant before conducting a CT Page 8073 search, unless an exception to the warrant requirement applies . . . State v. Outlaw, 70 Conn. App. 160, 164
(2002).
 It is an established rule that a properly conducted warrant less search incident to a lawful arrest is itself lawful. State v. Velasco, 248 Conn. 183, 189
(1999).
Trooper Maldonado had probable cause to arrest the defendant because as he approached the driver's side of the car, he detected a strong odor of marijuana coming from the defendant driver's rolled down window and because the defendant admitted having illegal narcotics and took out of his pocket and gave three dime bags of a marijuana-like substance to the trooper.
Once the arrest was made, and for the same reasons as just stated, probable cause existed to search the car.
 "Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . and (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched." State v. Longo, 243 Conn. 732, 741 (1998).
 The exception to the warrant requirement in an automobile search demands that the searching officer have probable cause to believe that the vehicle contains contraband. State v. Dukes, 209 Conn. 98, 126
(1988).
 We hold that when police make a lawful custodial arrest of an occupant of an automobile, and the arrestee is detained at the scene, police may contemporaneously search without a warrant the interior passenger compartment of the automobile. State v. Delossantos, 211 Conn. 258, 266-267 (1989).
This court believes that Trooper Maldonado, as indicated, possessed sufficient objective facts to base a finding of probable cause to search the defendant's vehicle for contraband.
The fact that the defendant was not charged with speeding, nor Brunilda CT Page 8074 Morales with a seat belt violation, is not deemed by the court to be significant. The stop was not made for speeding, and in light of the seriousness of the drug charges, it is understandable that the police chose not to pursue the relatively minor seat belt infraction, the penalty for which is a $15.00 fine. The motion is denied.
 ___________________ Walsh, J.